JASON J. KENNEDY, ESQ.; SBN: 265391
Jason@JJKLegal.com
KENNEDY LAW FIRM
3444 Camino del Rio North, Suite 106
San Diego, California 92108
Tele/Fax: (619) 764-6999

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST,<br><br>              Plaintiff,<br><br>v.<br><br>VALLEY FLOOR COVERING, INC., a California corporation,<br><br>              Defendant. | CASE NO.: **'20CV0241 L   WVG**<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS AND VIOLATION OF SECTION 515 OF ERISA** |

Plaintiff BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case under Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e), which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties.

2. This Court also has jurisdiction over this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Defendant VALLEY FLOOR COVERING, INC., has its principal place of business in Santee, California. Venue is therefore proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as it is the district in which the defendant resides or may be found, it is the district in which the relevant acts took place, and it is the district in which monies are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

5. Plaintiff BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST ("Plaintiff" or "Health Fund") is the governing body of the Glaziers, Architectural Metal & Glass Workers Local Union #1399 Health & Welfare Trust. The Health Fund, Resilient Flooring Covering Pension Fund; the Glaziers, Architectural, Metal and Glass Workers, Resilient Floor & Decorative Workers Local #1399 Joint Apprentice and Training Trust Fund; and the Glaziers, Architectural, Metal and Glass Workers Resilient Floor & Decorative Workers Local #1399 Labor Management Committee Cooperative Fund (collectively "Trust Funds") are jointly administered labor management trust funds which were established and are maintained according to the provisions of their respective Agreements and Declarations of Trust, pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5).

6. The Health Fund is authorized by the respective Boards of Trustees of the

Trust Funds to receive and collect contributions on behalf of the Trust Funds.  The Trust Funds provide employee benefits pursuant to a multiemployer plan as defined in ERISA §§ 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145.

7. Plaintiff is a fiduciary with respect to the Glaziers, Architectural Metal & Glass Workers Local Union #1399 Health & Welfare Trust within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

8. Defendant VALLEY FLOOR COVERING, INC., a California corporation ("Defendant VFC") is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California with its principal place of business in Santee, California.

## BACKGROUND FACTS

9. Defendant VFC has, at all times relevant herein, been signatory to a collective bargaining agreement with the Painters and Allied Trades District Council No. 36 on behalf of Glaziers, Architectural Metal and Glassworkers Resilient Floor and Decorative Covering Workers Local Union 1399, entitled the San Diego Area Floor Covers Labor Agreement ("CBA").  The CBA incorporates, and Defendant VFC agreed to be bound by, the respective Agreements and Declarations of Trust and plan documents of each of the Trust Funds ("Trust Agreements" and together with the CBA, "Agreements"). A true and correct copy of the San Diego Area Floor Covers Labor Agreement covering the period of January 1, 2017 through December 31, 2019 is attached hereto and incorporated herein by reference as Exhibits "A."

10. The Agreements require contributions to be paid to the Trust Funds, calculated upon each hour of covered work performed by employees performing work within the scope defined in the CBA.

11. Under the Agreements, Defendant VFC is/was required to submit remittance reports and contributions to Plaintiff at the rates required by the CBA.

12. Particularly, Defendant VFC agreed to prepare and submit true, complete and accurate written monthly contribution reports ("reports") to Plaintiff on a timely

basis showing the identities of its employees performing work covered by the Agreements, and the number of hours worked by or paid to these employees.

13.     Defendant VFC further agreed to submit the reports and employer contribution payments ("contributions") in the amounts required by the CBA to Plaintiff by the twenty-fifth (25th) day of the calendar month following the month in which the related hours were worked, and if not so submitted, is deemed delinquent and in violation of the Agreements.

14.     Defendant VFC is also required to permit periodic audits by Plaintiff under the terms of the Agreements.

15.     Under the Agreements, in the event of a delinquency, in addition to the contributions, Defendant VFC is liable for interest at the rate of ten percent (10%) per annum from the contribution due date until paid, liquidated damages equal to $10.00 per delinquency or ten percent (10%) of the amount due, whichever is greater, and all other costs and expenses including, but not limited to, attorney's fees and costs, and audit fees and costs, incurred by Plaintiff.

## FIRST CLAIM FOR RELIEF

## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS

16.     Plaintiff hereby incorporates by reference paragraphs 1 through 15 above to the same effect as if set forth verbatim here.

17.     Plaintiff is informed and believes, and alleges thereon, that at relevant times herein, Defendant VFC performed work covered by the Agreements for which it failed to pay contributions, in violation of the Agreements.

18.     On or about October 28, 2019, the Health Fund conducted an audit of VFC that discovered unpaid contributions in the amount of $8,710.85, liquidated damages in the amount of $817.04, interest in the amount of $1,563.50, and an audit fee of $600.00.

19.     Additionally, Plaintiff is informed and believes that VFC is delinquent in

the payment of contributions for the months of June 2019 – December 2019 in an amount exceeding $59,825.42.  Liquidated damages in the amount of $5,960.11, and interest in the amount of $2,294.42 are also outstanding for the months of June – December 2019.

20. Further amounts may be due or become due subsequent to the filing of this Complaint.

21. By reason of the foregoing, Plaintiff is informed and believes that Defendant VFC has failed to pay contributions, interest and liquidated damages in an amount exceeding $79,836.30, and up to $100,000.00 or more.  There is no legal excuse for Defendant VFC's breach of the Agreements.

22. Plaintiff warrants that all conditions, covenants and promises on their part that are or were required to be performed as conditions precedent for Defendant VFC's performance under the Agreements have been properly performed.

23. It has been necessary for Plaintiff to engage legal counsel and incur costs for the purpose of collection of contributions and other amounts.  Plaintiff is entitled to reasonable attorney's fees and costs, and audit fees, in connection therewith pursuant to the Agreements.

24. The Agreements do not require Plaintiff to exhaust administrative remedies before initiating this action.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF SECTION 515 OF ERISA

25. Plaintiff hereby incorporates by reference paragraphs 1 through 24 above to the same effect as if set forth verbatim here.

26. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

- 5 -

Complaint                                                                                                          Case No.:

27. On or about October 28, 2019, the Health Fund conducted an audit of VFC that discovered unpaid contributions in the amount of $8,710.85, liquidated damages in the amount of $817.04, interest in the amount of $1,563.50, and an audit fee of $600.00.

28. Additionally, Plaintiff is informed and believes that VFC is delinquent in the payment of contributions for the months of June 2019 – December 2019 in an amount exceeding $59,825.42. Liquidated damages in the amount of $5,960.11, and interest in the amount of $2,294.42 are also outstanding for the months of June – December 2019.

29. Further amounts may be due or become due subsequent to the filing of this Complaint.

30. By reason of the foregoing, Plaintiff is informed and believes that Defendant VFC has failed to pay contributions, interest and liquidated damages in an amount exceeding $79,836.30, and up to $100,000.00 or more. There is no legal excuse for Defendant VFC's violation of breach of Section 515 of ERISA, 29 U.S.C. § 1145.

31. It has been necessary for Plaintiff to engage legal counsel and incur costs for the purpose of collection of contributions and other amounts. Plaintiff is entitled to reasonable attorney's fees and costs, and audit fees and costs, in connection therewith pursuant to the Agreements and 29 U.S.C. § 1132(g)(2).

32. The Agreements do not require Plaintiff to exhaust administrative remedies before initiating this action.

### THIRD CLAIM FOR RELIEF

### AUDIT

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32 above to the same effect as if set forth verbatim here.

34. An audit of Defendant's books and payroll records will permit Plaintiff to determine the number of employees working under the CBA, the number of hours

worked by employees, the correct contribution rates, and the amounts owed to the Trust Funds pursuant to the Agreements.

35. Under the terms of the Agreements, the Plaintiff and Trust Funds are entitled to conduct an audit of Defendant's books and payroll records, and the Agreements further provide for an award of audit fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, on the First and Second Claims for Relief, Plaintiff prays for a judgment against Defendant VFC as follows:

1. For unpaid fringe benefit contributions, interest, and liquidated damages of at least $100,000.00, in an amount to be shown through proof at trial;

2. For pre-judgment interest on all contributions due at the contractual rate in an amount to be shown through proof at trial;

3. For liquidated damages on all contributions due at the contractual rate in an amount to be shown through proof at trial;

4. For attorney's fees and costs;

5. For audit expenses of at least $600.00 in an amount to be shown through proof at trial; and

6. For such other and further relief as the Court may deem just and proper.

WHEREFORE, on the Third Claim for Relief, Plaintiff prays for a judgment against Defendant VFC as follows:

1. For an Order requiring Defendant VFC to submit all payroll books and records to the Plaintiff for an audit, at the Defendant's expense, for the period of April 2019 through the date such an audit is completed;

2. For amounts owed to Plaintiff under the Agreements uncovered as a result of the audit, including contributions, interest, liquidated damages, and audit fees; and

//
//
//

Complaint                                                                                                          Case No.:

3. For such other and further relief as the Court may deem just and proper.

DATED: February 7, 2020                         KENNEDY LAW FIRM

By: S/Jason J. Kennedy_____
    Jason J. Kennedy, Esq.
    Attorney for Plaintiff
    Email: Jason@JJKLegal.com